

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN  
XXXXXXXXXXXXXXXXXXXXX  
ATTORNEY GENERAL

AUSTIN 11, TEXAS



Overruled by 6/10/67  
Where conflict

Honorable Geo. H. Sheppard  
Comptroller of Public Accounts  
Austin, Texas

Dear Mr. Sheppard:　　　　Opinion No. O-5123

　　　　　　　　　　　　Re: Authority to issue warrant to
　　　　　　　　　　　　James Taylor as Parliamentarian
　　　　　　　　　　　　to the Senate, Mr. Taylor holding
　　　　　　　　　　　　at the same time a position with
　　　　　　　　　　　　the Old Age Assistance Department
　　　　　　　　　　　　as Administrative Assistant.

Your request for an opinion upon the above subject matter is as
follows:

> "During the months of January and February of this year
> James Taylor was carried on the pay roll in the Old Age
> Assistance Department as administrative assistant at a
> salary of $250.00 per month, payable out of the Federal
> Children Assistance Fund.  Warrants were issued by this
> department payable to James Taylor for each month's salary
> for January and February.  When the Forty-eight Legislature
> convened the same James Taylor went on the pay roll of the
> Senate as Parliamentarian and was paid a per diem of $7.50
> per day out of the Contingent Expense appropriation.  On
> February 28 this department was informed that James Taylor
> was on the pay roll of both the Senate and the Old Age
> Assistance Commission, and called the same to the attention
> of Mr. Taylor, who returned the General Revenue warrants
> issued to him in payment for his services in the Senate
> for cancellation.

> "This department is also informed that Mr. Taylor has
> severed his connection with the Old Age Assistance Com-
> mission and is still employed by the Senate as Parliamen-
> tarian.  This department now has presented the Senate pay
> roll for the first twelve days in March.

> "Is this department authorized to issue warrant in payment
> of the amount shown on the Senate pay roll due Mr. Taylor
> for per diem for the first twelve days in March?"

In connection with the letter, you have advised us personally
that Mr. Taylor severed his connection with the Old Age Assis-
tance on March 1, 1943.

You state that Mr. Taylor "returned the General Revenue warrants issued to him in payment for his service in the Senate for cancellation." From this we assume that he has returned for cancellation all warrants for services in the Senate for both January and February.

Section 33 of Article XVI of the Constitution provides:

"The Accounting Officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution. * * *."

It appears that Mr. Taylor did, during the months of January (from the 12th) and February, occupy two offices or positions under the State, in violation of the above Section, having terminated his services with the Old Age Assistance March 1, as above stated.

Mr. Taylor has been paid for his service to the Old Age Assistance the sum of $500.00 for the months of January and February, and no part of that sum has been repaid to the State. This presents the real question for our decision -- that is, whether or not he is entitled to receive such payment while he was holding at the same time the position of Parliamentarian to the Senate from and after his engagement in January.

This precise question was decided by this department in an elaborate opinion by First Assistant Attorney General, C. M. Cureton, and Assistant Attorney General, C. W. Taylor, June 9, 1913. (Opinions Attorney General, 1912-1914, p. 873).

That was a case involving the right of Lieutenant-Governor, Will H. Mayes, to accept the position of Professor of Journalism in the State University, while at the same time holding his position as Lieutenant-Governor of Texas.

In the course of the opinion it was said:

"It is very clear, therefore, that Mr. Mayes, so long as he is Lieutenant-Governor, could not under the Constitution draw pay from the State, as (1) agent, (2) officer, (3) appointee of the State.

"As we have above endeavored to show that a professor in the University of Texas is an appointee or in a limited sense an agent, therefore, Mr. Mayes could not draw a salary from the State as professor of Journalism in the University.

"The converse of the above proposition is also true, and, therefore, Mr. Mayes, so long as he was the agent or appointee of the State as a professor of Journalism in the University, could not draw his pay as Lieutenant-Governor of the State, that

being an office within the meaning of the Constitution.

"Therefore, should Mr. Mayes accept the position of professor of Journalism in the University, and at the same time hold and exercise the duties of the office of Lieutenant-Governor, he could not draw pay for either such office or such position."

This ruling has never been departed from but has been adhered to subsequent rulings of this department, and is thought by us to be a true construction of the Constitution. (See opinion No. 0-2607 herewith)

From this reasoning, it would follow that any sums paid to Mr. Taylor for his service to the Old Age Assistance, since the date of his employment and acceptance of the position of Parliamentarian to the Senate has been unlawfully made, and he is therefore indebted to the State in that sum.

Article 4350 of the Revised Civil Statutes provides that:

"No warrant shall be issued to any person indebted to the State, or to his agent or assignee, until such debt is paid."

So that, it follows no warrant should in any event be issued or paid to Mr. Taylor on account of his services to the State Senate, or on any other account, until such sum so illegally paid to him has been repaid to the State.

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ Ocie Speer

By
          Ocie Speer
          Assistant

OS:MR:mw/cg

APPROVED MARCH 17, 1943
s/ GROVER SELLERS
    FIRST ASSISTANT
    ATTORNEY GENERAL